UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

NORGUARD INSURANCE COMPANY :
16 South River Street :
Wilkes-Barre, PA 18702, :
   Plaintiff, :
  v. : NO.
RCJ CONSTRUCTION SERVICES :
CORPORATION :
63 Flushing Avenue :
Brooklyn, NY 11226 :
  and :
I.T.D. CONTRACTING, INC. :
540 East 22nd Street, Suite 4J :
Brooklyn, NY 11226 :
  and :
TD CONSTRUCTION SERVICES :
CORP. :
63 Flushing Avenue :
Brooklyn, NY 11226 :
  and :
IAN RITCHIE, Individually, :
63 Flushing Avenue :
Brooklyn, NY 11226 :
  and :
ATHENA ROBINSON a/k/a ATHINA :
ROBINSON, Individually, :
63 Flushing Avenue :
Brooklyn, NY 11226 :
  and :
KHALID CHOUDHARY, Individually, :
63 Flushing Avenue :
Brooklyn, NY 11226 :
   Defendants. :

## COMPLAINT

Plaintiff, Norguard Insurance Company, by and through its undersigned counsel, hereby files the within Complaint against Defendants, RCJ Construction Services, I.T.D. Contracting, Inc., TD Construction Services Corp., Ian Ritchie, individually, Athena Robinson a/k/a Athina

1212267.1/47158

Robinson, individually, and Khalid Choudhary, individually, as follows:

I. Parties

1. Plaintiff, Norguard Insurance Company ("Plaintiff"), is a for-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 16 South River Street, Wilkes-Barre, PA 18702.

2. At all times material hereto, Plaintiff was licensed by the New York Insurance Department to sell insurance in the State of New York.

3. Defendant, RCJ Construction Services ("Defendant RCJ"), is a for-profit corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 63 Flushing Avenue, Brooklyn, NY 11226.

4. At all times material hereto, Defendant RCJ acted or failed to act, by and through its principals, agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants, who were then and there acting within the scope of their authority in the course of their relationship with said Defendant in furtherance of said Defendant's pecuniary and other interests.

5. Defendant RCJ is vicariously or otherwise responsible for the acts or omissions of its principals, agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants.

6. Defendant, I.T.D. Contracting, Inc. ("Defendant ITD"), is a for-profit corporation[1] duly organized and existing under the laws of the State of New York with its

---

[1] As noted in the factual portion of this Complaint, the New York Corporation Bureau does not list a for-profit corporation named "I.T.D. Contracting, Inc." Plaintiff believes that the aforementioned

1212267.1/47158

principal place of business located at 1700 Albermarle Road, Suite 5F, Brooklyn, NY 11226[2].

7. At all times material hereto, Defendant ITD acted or failed to act, by and through its principals, agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants, who were then and there acting within the scope of their authority in the course of their relationship with said Defendant in furtherance of said Defendants' pecuniary and other interests.

8. Defendant ITD is vicariously or otherwise responsible for the acts or omissions of its principals, agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants.

9. Defendant, TD Construction Services Corp. ("Defendant TD"), is a for-profit corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 63 Flushing Avenue, Brooklyn, NY 11226.

10. At all times material hereto, Defendant TD acted or failed to act, by and through its principals, agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants, who were then and there acting within the scope of their authority in the course of their relationship with said Defendant in furtherance of said Defendant's pecuniary and other interests.

11. Defendant TD is vicariously or otherwise responsible for the acts or

---

business entity is either listed under a separate name without a properly-registered fictitious name and/or is operating through an "alter-ego" business entity. See ¶¶ 39-40 and 46, below.

[2] As noted in the factual portion of this Complaint, Defendant ITD is unincorporated and operating as an "alter-ego" entity. However, service in another legal proceeding against Defendant ITD was effectuated at the listed address. See ¶¶ 39-40 and 46, below.

omissions of its principals, agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants.

12. Defendant, Ian Ritchie ("Defendant Ritchie"), is an adult individual, *sui juris*, and citizen of the State of New York.

13. At all times material hereto, Defendant Ritchie owned and exercised complete dominion regarding the management and procurement of insurance for co-Defendants ITD, RCJ and TD.

14. At all times material hereto, Defendant Ritchie was acting individually and as a principal, agent, ostensible agent, servant, work person, officer and/or employee of co-Defendants ITD, RCJ and TD, acting within the scope of his authority and/or employment, for and on the business of said co-Defendants, and under their control or right of control.

15. At all times material hereto, Defendant Ritchie acted and/or failed to act, by and through his agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants, who were then and there acting within the scope of their authority in the course of their relationship with Defendants, in furtherance of said Defendants' pecuniary and other interests.

16. Defendant, Athena Robinson a/k/a Athina Robinson ("Defendant Robinson"), is an adult individual, *sui juris*, and citizen of the State of New York.

17. At all times material hereto, Defendant Robinson owned and/or exercised complete dominion regarding the management and procurement of insurance for co-Defendants ITD, RCJ and TD.

18. At all times material hereto, Defendant Robinson was acting individually and as

a principal, agent, ostensible agent, servant, work person, officer and/or employee of co-Defendants ITD, RCJ and TD, acting within the scope of her authority and/or employment, for and on the business of said co-Defendants, and under their control or right of control.

19. At all times material hereto, Defendant Robinson acted and/or failed to act, by and through her agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants, who were then and there acting within the scope of their authority in the course of their relationship with Defendants, in furtherance of said Defendants' pecuniary and other interests.

20. Defendant, Khalid Choudhary ("Defendant Choudhary"), is an adult individual, *sui juris*, and citizen of the State of New York who, on information and belief, is a certified public accountant.

21. At all times material hereto, Defendant Choudhary was employed and/or contracted by Defendants, ITD, RCJ, TD, Ritchie and/or Robinson.

22. At all times material hereto, Defendant Choudhary was acting individually and as an agent, ostensible agent, servant, work person, officer and/or employee of co-Defendants ITD, RCJ, TD, Robinson and/or Ritchie, acting within the scope of his authority and/or employment, for and on the business of said co-Defendants, and under their control or right of control.

23. At all times material hereto, Defendant Choudhary acted and/or failed to act, by and through his agents, ostensible agents, servants, workmen and/or employees, including, but not limited to co-Defendants, who were then and there acting within the scope of their authority in the course of their relationship with Defendants, in furtherance of said Defendants' pecuniary and other interests.

II. Jurisdiction and Venue

24. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the requested damages in this proceeding exceed $75,000.00 and Plaintiff and Defendants maintain diversity of citizenship.

25. Venue is proper in this Court under 28 U.S.C. § 1332 because Defendants reside and/or maintain principal places of businesses within the district.

III. Facts Relevant to all Counts

26. By way of background, in April 2011, A.BRS Planning & Brokerage, Inc. ("A.BRS"), acting on behalf and at the direction of co-Defendants, provided Plaintiff with information and documents relative to an insurance application for Worker's Compensation and employer's liability coverage submitted on behalf of Defendants through Defendant ITD. (A true and correct copy of this application is attached hereto and incorporated herewith as Exhibit "A").

27. At that time, Plaintiff was advised by A.BRS that Defendant ITD performed *residential* concrete and cement work installing flooring and driveways[3].

28. Defendant Robinson further provided a Notice of Election dated April 19, 2011 excluding herself from the forthcoming Workers' Compensation policy as the alleged sole owner and officer of Defendant ITD since April 18, 2011. (A true and correct copy of this notice is attached hereto and incorporated herewith as Exhibit "B").

---

[3]In a Workers' Compensation Application dated April 18, 2011, Defendants stated its business categories and applications as "concrete/cement wk-floors driveways" with an estimated $25,000.00 in annual renumeration.

29.     Based upon this information, on or about April 25, 2011, Plaintiff forwarded a proposal of insurance to ITD. (A true and correct copy of the proposal is attached hereto and incorporated herewith as Exhibit "C").

30.     The estimated coverage costs for the proposed policy were calculated from ITD's annual projected payroll and business classification (initially provided to Plaintiff by A.BRS).

31.     Defendant ITD's initial Workers' Compensation insurance application (provided to Plaintiff by A.BRS) identified a "Mr. Ritchie" (believed to be Defendant Ritchie) as the contact for ITD.  See Exhibit "A".

32.     Defendant ITD's subsequent submissions (also provided to Plaintiff by A.BRS) listed Defendant Robinson as the inspection contract for Defendant ITD.

33.     Shortly thereafter, on April 26, 2011, Plaintiff issued Worker's Compensation and Employer's Liability Policy ITWC207596 (effective for one year)(the "Policy") to Defendant ITD.

34.     Following issuance of the Policy, Plaintiff performed a physical audit at the offices of Defendant ITD's accountant, Defendant Choudhary, for the time period of May 1, 2011 through May 1, 2012.

35.     During this audit, Plaintiff learned that Defendants supplied false information regarding ITD's insurance application in that:

    (a)     ITD primarily performed *commercial* concrete and cement work – – *not residential* work; and

    (b)     ITD had payroll in excess of $1.4 million dollars during the audit period of

May 1, 2011 through May 1, 2012.

36. Based upon the results of Plaintiff's audit, an additional premium in the amount of $ 227,514.00 was assessed to Defendant ITD for the coverage already provided by Plaintiff to ITD.

37. However, Defendant ITD failed to pay this additional premium.

38. Most egregious, shortly thereafter, all Defendants, acting through Defendant Robinson, provided Plaintiff with information and documents relative to an insurance application for Worker's Compensation and employer's liability coverage submitted on behalf of Defendants from a different insurance agency through Defendant TD. (A true and correct copy of this application is attached hereto and incorporated herewith as Exhibit "D").

39. Again, Plaintiff was advised that Defendant TD performed *residential* concrete and cement work installing flooring and driveways[4].

40. Again, Defendant Robinson provided a Notice of Election dated October 3, 2012 excluding herself from the forthcoming Workers' Compensation policy as the alleged sole owner and officer of Defendant ITD since "2012". (A true and correct copy of this notice is attached hereto and incorporated herewith as Exhibit "E").

41. Plaintiff filed a breach of contract action against Defendant ITD in the Supreme Court of New York for the County of Kings relative to the unpaid ITD premiums.

42. However, Plaintiff could not effectuate service of process upon Defendant

---

[4]In a Workers' Compensation Application, Defendants stated its business categories and applications as "concrete/cement wk-floors driveways" with an estimated $50,000.00 in annual renumeration.

ITD because its alleged business address of 540 East 22nd Street, Suite 4J, Brooklyn, New York was false[5].

43. Plaintiff also failed to obtain alternative service of process through the New York Corporations Bureau because "I.T.D. Contracting, Inc." is apparently not a registered corporation and/or a registered fictitious name in the State of New York.

44. Plaintiff's additional investigation revealed that Defendant Ritchie (believed to be the "Mr. Ritchie" identified in Exhibit "A") is listed on the website of Defendant RCJ as its President and CEO.

45. Defendant Robinson is further listed on Defendant RCJ's website as its Vice President and Director of Administration. See www.rcjconstructionservices.com/capabilities.php.

46. Defendant ITD's accountant, Defendant Choudhary, is also identified as a member of RCJ's senior accounting staff. See www.rcjconstructionservices.com/capabilities.php.

47. Defendant RCJ, according to its website, "has more than 100 skilled workers" and specializes in excavation, commercial underpinning, shoring and bracing, foundation and superstructure concrete work. See www.rcjconstructionservices.com/capabilities.php.

48. At all times material hereto, Defendants Ritchie and Robinson exercised their complete dominion regarding the management of, and procurement of insurance for co-Defendants ITD, RCJ and TD.

49. Defendants Ritchie and Robinson further exercised their complete dominion

---

[5] At the time of attempted service, the individuals present at 540 East 22nd Street, Suite 4J, Brooklyn, New York told Plaintiff's process server that no entity named ITD was located and/or conducted any business at this location.

1212267.1/47158

regarding the selection and oversight of its accounting personnel and insurance brokers for co-Defendants ITD, RCJ and TD, including, but not limited to the approval and provision of insurance applications and financial information to third parties.

50. At all times material hereto, Defendants RCJ, ITD and TD operated as "alter-ego" entities by and through their: lack of adherence to corporate formalities; the commingling of funds; the commingling of employees, independent contractors and/or other contractual relationships/benefits; the commingling of equipment and other operational resources; commingling of leased office and/or storage space; and undercapitalization.

51. At all times material hereto, Defendant Choudhary simultaneously provided accounting and other financial oversight services to Defendants RCJ, ITD and TD.

52. By virtue of his accounting and financial oversight role with co-Defendants, Defendant Choudhary had actual knowledge of the "alter-ego" relationship between co-Defendants RCJ, ITD and TD.

53. Defendant Choudhary also had actual knowledge that premiums for Worker's Compensation and Employer's Liability Insurance were paid.

54. In consideration of the foregoing, Defendants used sham corporations, including, but not limited to Defendants ITD and TD as "alter-egos" for Defendant RCJ to obtain workers' compensation and employer's liability insurance at below market rates for the above-identified policies, as well as several additionally fraudulently procured policies[6] on information and belief,

---

[6] In addition to the two (2) insurance policies identified above which are directly related to applications and/or election notices provided and/or executed by Defendant Athena Robinson, Plaintiff has identified a minimum of three (3) additional policies relating to Defendants, and in particular Defendants ITD and RCJ, and their sham corporations, the full extent of which to be confirmed through factual

to Plaintiff's financial detriment in excess of $400,000.00 in lost premium payments.

IV. Counts

### COUNT I. COMMON LAW FRAUD
*On Behalf of Plaintiff Against Defendants RCJ Construction Service Corporation, I.T.D. Contracting, Inc., TD Construction Services Corp., Ian Ritchie and Athena Robinson*

55. Plaintiff incorporates herein by reference and re-alleges each and every allegation set forth in all the foregoing paragraphs of this Complaint with the same force and effect as if set forth verbatim.

56. Based on the allegations set forth above, Defendants have committed acts which constitute common-law fraud.

57. Individual Defendants Ritchie and Robinson exercised their complete dominion regarding the management of, and procurement of insurance for co-Defendants ITD, RCJ and TD, thereby, warranting the piercing of the corporate veils for these respective entities.

58. Throughout their relationship, Plaintiff justifiably relied upon Defendants' misrepresentations and/or omissions of material facts contained in the insurance application and subsequent information, documents and other materials submitted to Plaintiff in April 2011 and thereafter, including, but not limited to, the nature of Defendants ITD and TD's respective businesses as residential in nature, Defendants' respective alter-ego relationships with Defendant RCJ and each other, and Defendant ITD and TD's respective payrolls.

59. The actions of Defendants in making these clearly false and misleading statements, and/or omitting these material facts to Plaintiff, as set forth in more specific detail

discovery for the purpose of timely amending this Complaint to address the full extent of the fraudulent activities at issue.

1212267.1/47158

above, and of the remaining Defendants in acquiescing to these misrepresentations and omissions and/or their lack of supervision or oversight of said misrepresentations and omissions, constitute the employment of devices, schemes or artifices to defraud, including the making of any untrue statements and misrepresentations of a material fact and/or the omission to state a material fact necessary in order to make the statements and/or representations made, in light of the circumstances under which they were made, not misleading.

60. Said misrepresentations and omissions were knowingly, intentionally, actively, willfully, and fraudulently made and concealed from Plaintiff with the malicious, evil and/or reprehensible intent that Plaintiff would rely thereon.

61. In particular, Defendants used Defendant ITD and TD as "alter-egos" for RCJ to obtain workers' compensation and employer's liability insurance at below market rates.

62. As a direct and proximate result, Plaintiff justifiably relied upon said misrepresentations and omissions as Defendants used sham corporations, including, but not limited to Defendants ITD and TD as "alter-egos" for Defendant RCJ to obtain workers' compensation and employer's liability insurance at below market rates for the above-identified policies, as well as several additionally fraudulently procured policies[7] on information and belief, to Plaintiff's financial detriment in excess of $400,000.00 in lost premium payments.

63. All of the foregoing illegal acts were committed directly by Defendants, their

---

[7] In addition to the two (2) insurance policies identified above which are directly related to applications and/or election notices provided and/or executed by Defendant Athena Robinson, Plaintiff has identified a minimum of three (3) additional policies relating to Defendants, and in particular Defendants ITD and RCJ, and their sham corporations, the full extent of which to be confirmed through factual discovery for the purpose of timely amending this Complaint to address the full extent of the fraudulent activities at issue.

owners, officers, employees or agents, or as aiders and abettors thereof, all of whom are personally liable therefore, either as direct participants or under the doctrine of *respondeat superior*.

64. The aforesaid fraudulent acts constitute fraud both individually and as a continuous fraudulent course of conduct.

65. Finally, the aforesaid illegal acts have been actively and fraudulently concealed from Plaintiff by Defendants.

WHEREFORE, Plaintiff, Norguard Insurance Company, demands judgment in its favor and against Defendants, RJS Construction Services Corporation, I.T.D. Contracting, Inc., TD Construction Services Corp., Ian Ritchie and Athena Robinson, jointly and severally, for special and compensatory damages in an amount in excess of $ 150,000.00, plus interest, attorneys' fees and costs, punitive damages and such other relief as the Court may deem appropriate.

## COUNT II. COMMON LAW FRAUD
*On Behalf of Plaintiff Against Defendant Khalid Choudhary*

66. Plaintiff incorporates herein by reference and re-alleges each and every allegation set forth in all the foregoing paragraphs of this Complaint with the same force and effect as if set forth verbatim.

67. Based on the allegations set forth above, Defendant Choudhary has committed acts which constitute common-law fraud as an aider-and-abettor.

68. By virtue of his accounting and financial oversight role with co-Defendants, Defendant Choudhary had actual knowledge of the "alter-ego" relationship between co-Defendants RCJ, ITD and TD, and that premiums for Worker's Compensation and

Employer's Liability Insurance were paid for by Defendants' sham corporations with coverage provided to it instead of RCJ.

69. Throughout their relationship, Plaintiff justifiably relied upon Defendant Choudhary's misrepresentations and/or omissions of material facts relative to Defendants ITD and TD's respective payrolls and related financial information, including, but not limited to the audit of Defendant IDT for the time period of May 1, 2011 through May 1, 2012 that Plaintiff performed at Defendant Choudhary's offices.

70. The actions of Defendant Choudhary in supplying this clearly false and misleading information and/or omitting these material facts to Plaintiff, as set forth in more specific detail above, and of this Defendant in acquiescing to the misrepresentations and omissions and/or their lack of supervision or oversight of said misrepresentations and omissions relative to the co-Defendants, constitute the employment of devices, schemes or artifices to defraud, including the making of any untrue statements and misrepresentations of a material fact and/or the omission to state a material fact necessary in order to make the statements and/or representations made, in light of the circumstances under which they were made, not misleading.

71. Said misrepresentations and omissions were knowingly, intentionally, actively, willfully, and fraudulently made and concealed from Plaintiff with the malicious, evil and/or reprehensible intent that Plaintiff would rely thereon.

72. In particular, Defendant Choudhary represented and allowed co-Defendants to use Defendants ITD and TD as "alter-egos" in order for Defendant RCJ to obtain workers' compensation and employer's liability insurance from Plaintiff at below market rates.

73. As a direct and proximate result, Plaintiff justifiably relied upon said

1212267.1/47158

misrepresentations and omissions as Defendants used sham corporations, including, but not limited to Defendants ITD and TD as "alter-egos" for Defendant RCJ to obtain workers' compensation and employer's liability insurance at below market rates for the above-identified policies, as well as several additionally fraudulently procured policies[8] on information and belief, to Plaintiff's financial detriment in excess of $400,000.00 in lost premium payments.

74. All of the foregoing illegal acts were committed directly by Defendants, their owners, officers, employees or agents, or as aiders and abettors thereof, all of whom are personally liable therefor, either as direct participants or under the doctrine of *respondeat superior*.

75. The aforesaid fraudulent acts constitute fraud both individually and as a continuous fraudulent course of conduct.

76. Finally, the aforesaid illegal acts have been actively and fraudulently concealed from Plaintiff by Defendants.

WHEREFORE, Plaintiff, Norguard Insurance Company, demands judgment in its favor and against Defendant, Khalid Choudhary, jointly and severally, for special and compensatory damages in an amount in excess of $ 150,000.00, plus interest, attorneys' fees and costs, punitive damages and such other relief as the Court may deem appropriate.

---

[8] In addition to the two (2) insurance policies identified above which are directly related to applications and/or election notices provided and/or executed by Defendant Athena Robinson, Plaintiff has identified a minimum of three (3) additional policies relating to Defendants, and in particular Defendants ITD and RCJ, and their sham corporations, the full extent of which to be confirmed through factual discovery for the purpose of timely amending this Complaint to address the full extent of the fraudulent activities at issue.

# COUNT III. NEGLIGENT MISREPRESENTATION
*On Behalf of Plaintiff Against Defendant Khalid Choudhary*

77. Plaintiff incorporates herein by reference and re-alleges each and every allegation set forth in all the foregoing paragraphs of this Complaint with the same force and effect as if set forth verbatim.

78. Based on the allegations set forth above, Defendant Choudhary has committed acts which constitute negligent misrepresentation.

79. By virtue of his specialized knowledge in the field of accounting, as well as his financial oversight role for all co-Defendants, Defendant Choudhary had knowledge of the "alter-ego" relationship between co-Defendants RCJ, ITD and TD, and that premiums for Worker's Compensation and Employer's Liability Insurance were paid for by Defendants' sham corporations with coverage provided to it instead of RCJ.

80. Plaintiff justifiably relied upon Defendant Choudhary's negligent misrepresentations relative to Defendants ITD and TD's respective tax returns, financial statements and related financial information negligently prepared by Defendant Choudhary.

81. Defendant Choudhary had a duty of care to provide accurate financial reporting and related records and substantive communications with Plaintiff by virtue of the audit of Defendant IDT for the time period of May 1, 2011 through May 1, 2012 that Plaintiff performed at Defendant Choudhary's offices.

82. To this end, Defendant Choudhary's review and/or preparation of financial statements, tax returns and other financial records for co-Defendants allowing co-Defendants to

1212267.1/47158

use ITD and TD as "alter-egos" in order for Defendant RCJ to obtain workers' compensation and employer's liability insurance from Plaintiff at below market rates was not disclosed by Defendant Choudhary to Plaintiff.

83. As a direct and proximate result, Plaintiff justifiably relied upon said misrepresentations and omissions as Defendants used sham corporations, including, but not limited to Defendants ITD and TD as "alter-egos" for Defendant RCJ to obtain workers' compensation and employer's liability insurance at below market rates for the above-identified policies, as well as several additionally fraudulently procured policies[9] on information and belief, to Plaintiff's financial detriment in lost premium payments.

WHEREFORE, Plaintiff, Norguard Insurance Company, demands judgment in its favor and against Defendant, Khalid Choudhary, jointly and severally, for special and compensatory damages in an amount in excess of $ 150,000.00, plus interest, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

Dated:_____

CURTIN & HEEFNER, LLP

_____
Edward J. Stolarski, Jr., Esquire
250 Pennsylvania Avenue
Morrisville, PA 19067
(215) 736-2521
(215) 736-3647 (Fax)
EJS@curtinheefner.com
Attorney for Plaintiff

---

[9] In addition to the two (2) insurance policies identified above which are directly related to applications and/or election notices provided and/or executed by Defendant Athena Robinson, Plaintiff has identified a minimum of three (3) additional policies relating to Defendants, and in particular Defendants ITD and RCJ, and their sham corporations, the full extent of which to be confirmed through factual discovery for the purpose of timely amending this Complaint to address the full extent of the fraudulent activities at issue.

1212267.1/47158