UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NORGUARD INSURANCE COMPANY,

          Plaintiff,

-against-

RCJ CONSTRUCTION SERVICES
CORPORATION, I.T.D. CONTRACTING
INC., TD CONSTRUCTION SERVICES,
IAN RITCHIE Individually, ATHENA
ROBINSON also known as Athina
Robinson, and KHALID CHOUDHARY
Individually,

          Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:14-cv-00432-FB-RER

*Appearances:*
*For the Plaintiff*:
MARGARET J. LESZKIEWICZ
ROBERT S. SAXON
Meyers Saxon & Cole
3620 Quentin Road
Brooklyn, NY 11234

*For the Defendants*:

**BLOCK, Senior District Judge:**

      Plaintiff Norguard Insurance Company ("Norguard") seeks entry of default judgment against defendants RCJ Construction Services Corporation ("RCJ"); I.T.D. Contracting, Inc. ("ITD"); Ian Ritchie; and Khalid Choudhary. The Court referred the matter to the assigned magistrate judge. On January 19, 2018, Magistrate Judge Reyes issued a Report and Recommendation ("R&R") recommending the entry of default judgment against RCJ and ITD in the amount of $378,910.89.

As Magistrate Judge Reyes noted, Norguard has not obtained a notation of default from the Clerk of Court as to Ritchie and Choudhary, as required by Federal Rule of Civil Procedure 55(a). *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (describing "two-step process for obtaining default judgment"). Moreover, Norguard voluntarily dismissed Choudhary from the case and has not sought relief from that dismissal. The Court therefore considers Norguard's motion only as to RCJ and ITD. Norguard may renew its motion for default judgment as to Ritchie if and when it obtains the necessary entry of default by the Clerk.

The R&R warned that failure to file objections within fourteen days of receipt waives the right to appeal the district court's order. No objections to the R&R have been filed, and the time to file objections has elapsed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."*)*. The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no

such error appears here. Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

/S/ Frederic Block\_
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 6, 2018